IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKLYN CARSON, et al., | § § § | |
| Plaintiffs/Counter-Defendants, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-cv-1540-E |
| U.S. XPRESS, INC. and MARKETHE DEWAYNE BECAN, | § § § § | |
| Defendants, | § § | |
| v. | § § | |
| JAMES CAIN MARLIN, as Personal Representative of the Estate of Christopher Colt Marlin, | § § § § | |
| Defendant, Counter-Plaintiff and Cross-Plaintiff, | § § § | |
| v. | § § | |
| JAMES CAIN MARLIN, JIM MARLIN, and TEX-ANN SUDBERRY, | § § § § | |
| Intervenors. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Remand filed by Defendant, Counter-Plaintiff, Cross-Plaintiff, and Intervenor James Cain Marlin and Intervenors Jim Marlin and Tex-Ann Sudberry (Doc. 5). At issue is whether the Court has diversity jurisdiction in this case. After considering the motion, the response filed by Defendants U.S. Xpress, Inc. and Markethe Dewayne Becan, movants' reply, and the record, as well as applicable case law, the Court concludes that remand is appropriate.

On November 9, 2017, a motorcycle driven by Christopher Colt Marlin, on which his wife Jennifer McKee was a passenger, collided with a U.S. Xpress truck driven by Becan. This lawsuit

arises out of the deaths of Christopher and Jennifer as a result of that collision. In April 2019, Jennifer's mother, Melinda Bourland, and Jennifer's three adult children, Jacklyn Carson, Mark Gongora, and Danielle Pritchard, (collectively "the McKee parties") initiated this wrongful death and survival action in state court. The McKee parties asserted claims individually and as representatives of Jennifer's estate against U.S. Xpress and Becan (collectively "U.S. Xpress") and James Cain Marlin ("Cain"), Christopher's son, as representative of Christopher's estate. Among other things, they alleged that Christopher's negligence was a proximate cause of the collision.

On June 7, 2019, Cain, in his representative capacity, filed a cross-claim against U.S. Xpress to allege survival claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021. He also filed a counterclaim for declaratory relief against the McKee parties. He alleged that the McKee parties had recently settled their claims against U.S. Xpress. Cain, again in his representative capacity, sought a declaratory judgment that Jennifer predeceased Christopher and that the damages recovered by Cain as personal representative of Christopher's estate are payable solely to Cain as the surviving son and sought a determination of the amount of the damages recovered by the McKee parties due to Christopher as Jennifer's husband.

On June 21, 2019, Cain, in his individual capacity, along with Christopher's parents, Jim Marlin and Tex-Ann Sudberry, intervened in the lawsuit to assert wrongful death claims against U.S. Xpress.[1] Five days later, the McKee parties filed a notice of nonsuit with prejudice of their claims against U.S. Xpress and Cain.

Then, on June 26, 2019, the same day the notice of nonsuit was filed, U.S. Xpress filed a notice of removal in this Court. The notice acknowledges that this case was not removable at its

---

[1] In April 2018, Cain, Jim Marlin, and Sudberry filed a wrongful death suit against U.S. Xpress in federal court. They moved to dismiss their claims without prejudice on June 11, 2019.

inception because some of the McKee parties (Bourland and Gongora) and Cain, who are on opposite sides of the lawsuit, are Texas citizens. U.S. Xpress asserts that it reached a settlement with the McKee parties. It contends the case is removable now that the McKee parties have dismissed their claims. In the notice of removal, U.S. Xpress asserts, however, that the parties should be realigned so that Cain, Jim Marlin, and Sudberry are the plaintiffs and U.S. Xpress and the McKee parties are the defendants. U.S. Xpress further contends the Court should disregard the citizenship of the McKee parties because they were improperly joined.

Even if the Court accepted U.S. Xpress's proposed realignment of the parties, there would still be Texas citizens on both sides of the lawsuit. Thus, the Court begins its analysis with the assertion that it should disregard the citizenship of the McKee parties because they were improperly joined.

For this Court to have diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *see* 28 U.S.C. § 1332. As a general rule, diversity of citizenship must exist at the time of filing in state court *and* at the time of removal. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). A case that is not removable at its inception may become removable after it is filed. *See* 28 U.S.C. § 1446(b)(3). Any realignment of parties should take place before jurisdiction is decided. *See Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 387 (5th Cir. 2018).

Improper joinder is a narrow exception to the rule of complete diversity. *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a defendant has been improperly joined, the citizenship of that party is disregarded for purposes of the diversity jurisdiction analysis. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). Improper joinder is established by showing that

3

there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the nondiverse defendant in state court. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In the absence of fraud, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently, means that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* Ordinarily, if a party asserting a claim can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.*

The removing party bears the burden of demonstrating improper joinder, and this burden is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The Court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff, or counter-plaintiff in this case. *Id.*

There is no allegation of actual fraud in this case. The issue is whether Cain has stated a possible claim for relief against the McKee parties. If not, the Court may disregard their citizenship.

After the McKee parties sued Cain in his representative capacity alleging that his father Christopher's negligence caused Jennifer's death, Cain brought a counterclaim for declaratory relief under the Texas Declaratory Judgment Act, found in Chapter 37 of the Texas Civil Practice and Remedies Code. Cain alleged that the inheritance rights of the heirs of the estates of Jennifer and Christopher, as well as the obligations of the personal representatives of the estates in

4

disbursing recoveries, are uncertain and ripe for adjudication. Cain sought a judgment declaring that Jennifer predeceased Christopher and that the damages recovered by Cain as personal representative of Christopher's estate are payable solely to Cain, as well as a determination of the amount of damages recovered by the McKee parties from U.S. Xpress due to Christopher as her husband.

The stated purpose of the Texas Uniform Declaratory Judgments Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). It is to be liberally construed and administered. *Id.* A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

U.S. Xpress contends Cain cannot prevail on any of his claims for declaratory judgment. The Court first addresses Cain's request for a declaration of the amount of the McKee parties' damages that Christopher's estate was entitled to recover as damages. According to U.S. Xpress, this claim is premised on the idea that if Christopher survived his wife Jennifer, he was an heir to her estate and was entitled to a portion of the damages recovered by her estate. U.S. Xpress claims that Jennifer did not survive Christopher by more than 120 hours and thus is not entitled to any share of her estate's recovery. There is no evidence in the record of when Jennifer and Christopher died. Further, even if the record showed they died within 120 hours of each other, U.S. Xpress has not foreclosed the possibility that Jennifer's husband was entitled to a share of her estate's recovery from U.S. Xpress. The Estates Code survival requirements do not apply if provision has been made by will, living trust, deed, or insurance contract, or in any other manner, for a disposition of property that is different from the disposition of property that would be made if the

5

provisions of this chapter applied. TEX. EST. CODE ANN. § 121.001. In an appendix in support of its response to the motion to remand, U.S. Xpress presents a declaration from Jennifer's daughter Carson. In her declaration, Carson states that she is not aware of any will made by her mother. The Court cannot conclude that the fact that Jennifer did not have a will forecloses the possibility that Christopher's estate is entitled to a share of Jennifer's estate's recovery from U.S. Xpress. U.S. Xpress has not met its heavy burden to show that removal is proper. It has not demonstrated there is no possibility of recovery by Cain against the in-state counter-defendants. Cain therefore has at least one claim against the non-diverse counter-defendants that survives Rule 12(b)(6) scrutiny. Thus, there is no improper joinder.

Because U.S. Xpress has failed to meet its heavy burden to establish improper joinder, there is not complete diversity of citizenship and the Court lacks subject matter jurisdiction. The Court **REMANDS** this case to the County Court at Law No. 3 of Dallas County, Texas. The clerk shall mail a certified copy of this Memorandum Opinion and Order to the district clerk of Dallas County, Texas. *See* 28 U.S.C. § 1447(c).

**SO ORDERED.**

Signed January 22, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE